IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| DEREK LAMAR JACKSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Cause No.: EP-12-CV- 0281-FM |
| § | |
| CITY OF EL PASO, SGT. RAMOS, § | |
| OFFICER QUINONES AND JAMES T. § | |
| O'CONNOR, INDIVIDUALLY AND IN § | |
| THEIR OFFICIAL CAPACITY, JOINTLY § | |
| AND SEVERALLY, § | |
| § | |
| Defendants. § | |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Sgt. Ramos, Officer Quinones, and James T. O'Connor, three of the Defendants in the above styled and numbered cause, by and through their undersigned counsel and file this their Original Answer to Plaintiff's Original Petition as follows:

1. Defendants deny the discovery control level allegations in Paragraph 1 of Plaintiff's Original Petition because this case has been removed to Federal Court.

2. Defendants admit the party's allegations in Paragraphs 2, 3, 4, 5 and 6 of Plaintiff's Original Petition.

3. Defendants deny the jurisdiction and venue allegations in Paragraphs 7, 8, and 9 of Plaintiff's Original Petition because this case has been removed to Federal Court.

4. Defendants deny the allegations in Paragraphs 10 through 20 of Plaintiffs Original Petition.

5. Defendants assert that no response is necessary or alternatively deny the allegations in Paragraphs 21 through 24 of Plaintiffs Original Petition because these claims have been dismissed by order dated September 4, 2012 (EF No. 13).

6. Defendants assert that no response is necessary or alternatively deny the allegations in Paragraphs 25, 26, 27, 28 and 29, because these claims have been dismissed by prior order dated September 4, 2012 (EF No. 13).

7. Defendants assert that no response is necessary or alternatively deny the allegations in Paragraphs 30, 31, 32, 33, 34, 35, 36, 37 and 38 because these claims have been dismissed by prior order dated September 4, 2012 (EF No. 13).

8. Defendants deny the allegations in Paragraphs 39 through 45 of Plaintiff's Original Petition.

9. Defendants join Plaintiff in demanding a jury trial in this case.

## AFFIRMATIVE DEFENSES

10. As an affirmative defense, Defendants would show and allege that at the time and place complained of in Plaintiff's Original Petition, Defendant James O'Connor effected a lawful arrest of Plaintiff for an offense or offenses committed in his view and presence.

11. As an affirmative defense, Defendants would show and allege that at the time and place complained of in Plaintiffs Original Petition, Defendants used only that

amount of force that was reasonable and necessary to effect the arrest of Plaintiff and to overcome any resistance.

12. As an affirmative defense, Defendants would show and allege that at the time and place complained of in Plaintiffs Original Petition, they acted reasonably, in good faith, without malice, and in the scope of their discretionary authority as commissioned peace officers for the State of Texas and City of El Paso.

13. As an affirmative defense, Defendants would show and allege that at the time and place complained of in Plaintiff's Original Petition, Defendants acted reasonably and properly, and in the good faith belief that they were not denying to Plaintiff any right afforded him by any law of the State of Texas, the United States, of the United States Constitution, or clearly established law.

14. As an affirmative defense, Defendants would show and allege that at the time and placed complained of in Plaintiff's Original Petition, any injuries or damages Plaintiff may have received were as the result of his own improper, illegal conduct for which these Defendants are not responsible.

15. As an affirmative defense, Defendants would show and allege that Plaintiff has failed to allege a proper cause of action claiming a violation of the First Amendment to the United States Constitution because Plaintiff has failed to allege that his speech was of a public interest or was in any way protected by the United States Constitution.

16. As an affirmative defense, Defendants would show and allege that Paragraphs 43 and 44 are improper allegations under the Fourteenth Amendment to the United States Constitution because this case is in reality an excessive force Fourth Amendment claim which does not implicate the Fourteenth Amendment.

## JURY DEMAND

17. Defendants demand trial by jury in this case and reserve the right to amend this pleading at a later date should it become necessary.

WHEREFORE PREMISES CONSIDERED, Defendants pray Plaintiff take nothing by his suit, that Defendants be allowed to go hence with their day, that Plaintiff recover nothing, that Defendants recover their costs expended, and for such other and further relief, both special and general, at law or in equity, to which Defendants may show themselves justly entitled.

Respectfully submitted,

WINDLE, HOOD, ALLEY,
NORTON, BRITTAIN & JAY, LLP
Chase Tower, Suite 1350
201 E. Main Dr.
El Paso, Texas 79901
(915) 545-4900
(915) 545-4911

 /s/ Eric M. Brittain
ERIC M. BRITTAIN
State Bar No: 00783724
Attorney for Defendant James O'Connor

    /s/ Duane A. Baker
DUANE A. BAKER
Attorney for Defendants
Roberto Ramos and Cristina Quinones
300 E. Main, Suite 600
El Paso, Texas  79901-1345
(915) 534-0228 Telephone
(915) 534-4202 Fax
State Bar #:  01572000

## CERTIFICATE OF SERVICE

    I, DUANE A. BAKER, hereby certify that a true and correct copy of the above and forgoing Defendants' Original Answer of Defendants Ramos, Quinones and O'Connor was ELECTRONICALLY FILED with the Clerk of the Court using the CM/ECF filing system which will send notification to Mr. Mario A. Gonzalez, Attorney for Plaintiff, Derek Lamar Jackson, 1715 Wyoming, El Paso, Texas 79902; to Mr. Eric M. Brittain, Attorney for Defendant James O'Connor, 201 E. Main, Suite 1350, El Paso, Texas 79901; and to Mr. Kenneth A. Krohn, Assistant City Attorney, Attorney for Defendant City of El Paso, 2 Civic Center Plaza, 9th Floor, El Paso, Texas 79901-1196; on this the 26th day of November, 2012.

    /s/ Duane A. Baker
DUANE A. BAKER